UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES HARDY,

    Petitioner,

-vs-                                            Case No.   8:22-cv-481-WFJ-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

    Mr. Hardy, a Florida prisoner, initiated this action by filing a petition for habeas corpus relief under 28 U.S.C. § 2254 (Doc. 1). Upon review of the petition and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Hardy is not entitled to relief in this habeas corpus proceeding.

## RELEVANT BACKGROUND

    According to the petition, in 2017 Mr. Hardy pleaded no-contest to principal to second-degree murder with a firearm and was sentenced to 12 years in prison (Doc. 1, docket p. 1). On April 29, 2021, he filed a "Rule 3.800(c) Motion for Reduction and Modification of Sentence" in the state circuit court (Id., docket p. 22). The motion was denied as untimely and because the court lacked discretion to modify the sentence, which was imposed pursuant to a negotiated plea agreement (Id., docket pp. 22-23).

Both the Florida Second District Court of Appeal and Florida Supreme Court dismissed Mr. Hardy's requests for certiorari review (Id., docket pp. 25-27).

Mr. Hardy filed his federal habeas petition in this Court (Doc. 1). He contends the state circuit court denied him due process under the Fourteenth Amendment when it denied his Rule 3.800(c) motion (Id., docket p. 18). He argues that under Florida law his motion was timely, and the state court had discretion to modify his sentence (Id., docket pp. 18-19). He further argues that considering several "mitigating factors," the state court should have exercised its discretion to modify his sentence (Id., docket pp. 19-20). Mr. Hardy moves this Court to modify his sentence by allowing him to serve the remainder of the sentence on probation (Id., docket p. 15).

## DISCUSSION

Mr. Hardy argues that errors in the state Rule 3.800(c) post-conviction proceeding violated his due process rights. Specifically, he asserts that the state circuit court erred under Florida law in finding the motion untimely and that it had no discretion to modify the sentence.

An alleged defect in a state collateral proceeding does not provide a basis for federal habeas relief. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004). The reasoning underlying this principle is clear: "a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment— i.e., the conviction itself." *Carroll*, 574 F.3d at

2

1365. Such challenges typically involve claims arising under state law—for example, the availability of and procedures used in post-conviction proceedings—and do not involve claims arising under federal law as § 2254 requires. *Id*. Thus, the alleged denial of due process during the Rule 3.800(c) post-conviction proceeding is not a basis for relief.

To the extent Mr. Hardy argues that the state court erred under Florida law in denying his Rule 3.800(c) motion, his claim is not cognizable in this action. Generally, a claim alleging a violation of state law is not subject to review by a petition for the writ of habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *McCullough v. Singletary*, 967 F.2d 530, 535–36 (11th Cir. 1992). State courts, not federal courts on habeas review, are the final arbiters of state law. *See Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997) ("state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters."); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law. . .binds a federal court sitting in habeas corpus.").

Accordingly:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment against Mr. Hardy and close this case.

3. This Court should grant an application for certificate of appealability only if

the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Hardy has failed to make this showing.[1] Accordingly, a certificate of appealability is **DENIED**. And because Mr. Hardy is not entitled to a certificate of appealability, he is not entitled to proceed on appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on March 7, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: James Hardy, *pro se*

---

[1] The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.